UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACOB JAMES CLEVENGER<br><br>　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Case No. 1:16-cv-00246-BLW<br><br>**ORDER** |

# INTRODUCTION

On March 22, 2017, the Petitioner filed a Notice of Voluntary Dismissal of his Pending Motion under 28 U.S.C. § 2255 (Dkt. 9). The next day, the government filed a Motion to Deny the § 2255 Motion (Dkt. 10). For the reasons explained below, the Court will dismiss the petition without prejudice, in accordance with the notice of voluntary dismissal.

# BACKGROUND

In October 2012, Jacob Clevenger pleaded guilty to conspiracy to possession with intent to distribute methamphetamine. The Court sentenced Clevenger to 188 months' imprisonment after finding that he qualified for a career-offender status under § 4B1.2 of the United States Sentencing Guidelines.

In June 2016, Clevenger filed a § 2255 motion. He argued that, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015), § 4B1.2 was void for vagueness. Clevenger argued that he should therefore be resentenced without the career-offender enhancement. In *Beckles v. United States*, 132 S. Ct. 886, 892 (2017), however, the Supreme Court held that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." Shortly after *Beckles* was handed down, Clevenger filed his Notice of Voluntary Dismissal.

## ANALYSIS

Clevenger's Notice of Voluntary Dismissal relies upon Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. This rule states that "the plaintiff may dismiss an action without a court order by filing … a notice of dismissal *before the opposing party serves either an answer or a motion for summary judgment.* Fed. R. Civ. P. 41(a)(1)(A)(i) (emphasis added).

The government argues that Rule 41 does not apply in § 2255 proceedings because it is inconsistent with 28 U.S.C. § 2255(f)(3). But there is no inconsistency between Rule 41 and § 2255(f)(3). Section 2255(f)(3) does not specify a procedural mechanism for voluntarily dismissing a § 2255 petition; it simply provides a one-year statute of limitations for § 2255 petitions. *See* 28 U.S.C. § 2255(f)(3) ("A 1-year period of limitation shall apply to a motion under this section."). In fact, none of the rules governing § 2255 proceedings tell a petitioner how to voluntarily dismiss a petition. Rule 12 steps into the breach in that situation; it allows district courts to apply "[t]he Federal

Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 41 thus governs Clevenger's Notice of Dismissal.

The Government also asks the Court to rule on the merits – notwithstanding the voluntary dismissal. The Court is not persuaded.

The Government "could have obviated this situation by filing an answer," but elected to wait until after Petitioner filed a notice of dismissal. *See Swedberg v. Marotzke*, 339 F.3d 1139, 1145 (9th Cir. 2003); *see also* Dkt. 4 (docket entry order granting extension of time to answer). The Ninth Circuit has explained that:

> The language of this rule leaves little room for interpretation. Until an adverse party files an answer or a motion for summary judgment, the plaintiff can have the action dismissed merely by filing a notice of dismissal with the clerk. Rule 41(a)(1)(i) does not require leave of court to dismiss the action.

*Hamilton v. Shearson-Lehman Am. Exp., Inc.*, 813 F.2d 1532, 1534 (9th Cir. 1987).

Under these circumstances, the Court will not rule on the merits of the petition.[1]

### ORDER

IT IS ORDERED THAT:

(1) Petitioner Jacob Clevenger has **WITHDRAWN** his § 2255 motion and no further ruling by this Court is required or permitted.

---

[1] In so ruling, the Court makes no determination at this time as to whether any future § 2255 petition Clevenger may file would be a second or successive petition.

(2) The Government's Motion to Stay (Dkt. 5) and Motion to Dismiss (Dkt. 10) are therefore **DEEMED MOOT**.

DATED: March 16, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge